STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
DURHAM COUNTY

DURHAM COUNTY FILED DEC 28 2016 AT 1:10 O'CLOCK PM CLERK OF SUPERIOR COURT

LEE WHITWORTH and PATRICIA SULLIVAN,
    Plaintiffs,

v.

GAREY R. COOKE a/k/a GARY R. COOKE, individually and as personal representative of the ESTATE OF MARY H. COOKE, CITY OF DURHAM and NATIONWIDE MUTUAL INSURANCE COMPANY,
    Defendants.

COMPLAINT
(Jury Trial Demanded)

    Plaintiffs Lee Whitworth and Patricia Sullivan (collectively, the "Plaintiffs") for their complaint against Defendants allege as follows:

## PARTIES

1. Plaintiff Lee Whitworth ("Ms. Whitworth") is a citizen and resident of Durham County.

2. Plaintiff Patricia Sullivan ("Ms. Sullivan") is a citizen and resident of Durham County.

3. Upon information and belief Defendant Garey R. Cooke a/k/a Gary R. Cooke ("Cooke") is a citizen and resident of Wake County.

4. Upon information and belief Defendant Garey R. Cooke a/k/a Gary R. Cooke has been duly appointed as personal representative of the estate of Mary H. Cooke, deceased (the "Estate").

1

5. Defendant City of Durham (the "City") is and was at all times relevant to this action a municipal entity created and authorized under the laws of the State of North Carolina.

6. Defendant Nationwide Mutual Insurance Company ("Nationwide") is an insurance company with a principal office located at One Nationwide Plaza 03-04-101, Columbus, OH 43215-2220. Nationwide is licensed to operate in the State of North Carolina.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter under Chapter 1, Article 6A of the North Carolina General Statutes, and venue is proper under Chapter 1, Article 7 of the North Carolina General Statutes.

## FACTS

8. The Plaintiffs are owners of property located at 121 W. Seeman Street, Durham North Carolina (the "Plaintiffs' Property"), which is on the corner of West Seeman Street and Glendale Avenue.

9. The Estate owns a rental property located at 1107 Glendale Avenue (the "Cooke Property").

10. At the time of the events set forth in this Complaint, the Cooke Property was owned by Mary H. Cooke.

11. Mary Cooke died on February 11, 2015, and Garey R. Cooke was appointed personal representative of her Estate.

12. The Cooke Property is across Glendale Avenue from the Plaintiffs' Property.

13. In December of 2013, there was a storm drain and culvert located on the Plaintiffs' Property.

14. At that same time, there were storm drains and a culvert that ran under the Cooke Property and connected to a City-maintained culvert on Monmouth Avenue.

15. At that same time, there was a culvert that ran under Glendale Avenue that connected the pipe on Plaintiffs' Property to the culvert on the Cooke Property.

16. A purpose of the culvert under Glendale Avenue was to route storm water and runoff from Plaintiffs' Property and Glendale Avenue to the culvert on Monmouth Avenue.

17. Upon information and belief, the storm drain and culvert across Glendale Avenue that connected the two properties was installed by the City as part of its storm water management system.

18. Upon information and belief, the section of the storm drain and culvert under Glendale Avenue was maintained by the City of Durham (the "City").

19. The City is required by Federal law, the North Carolina General Statutes and its own ordinances to manage and maintain a system to manage storm and groundwater runoff.

20. Because storm and groundwater runoff ran from the Plaintiffs' Property through the City-maintained culvert under Glendale Avenue and then under the Cooke Property in order to reach the City-maintained culvert on Monmouth Avenue, the culvert under the Cooke Property was part of the City's storm water system.

21. Upon information and belief or about December of 2013, because of heavy rains a large sink hole opened in the front yard of the Cooke Property.

22. The sink hole exposed a broken culvert pipe that connected with the City storm water system.

23. Upon information and belief, Defendant Cooke was the manager of the Cooke Property and was personally responsible for all of the construction work performed on the Cooke Property in December 2013.

24. In addition, at all times relevant to this Complaint, Cooke was an agent of the owner of the Cooke Property.

25. In an attempt to fill the sink hole Cooke had work crews fill the sink hole with multiple truckloads of dirt and gravel.

26. Upon information and belief, neither the City, Cooke, or the owner of the Cooke Property made any effort to cure the underlying issues that had led to drainage problems before the sink hole developed.

27. The sink hole developed again, and Cooke proceeded to break up the city sidewalk in front of the building and dump that into the hole as well.

28. On or about December 29, 2013, upon information and belief the defective work performed at Cooke's direction clogged the City's storm drainage system. As a result, it was impossible for storm water to drain off Plaintiffs' Property and water began to back up onto Plaintiffs' Property through the culvert across Plaintiffs' Property.

29. As a direct and proximate result of the owner's and city's negligence, on or about December 29, 2013 about 5 1/2 feet of water discharged into the basement of Plaintiffs' home damaging the furnace, water heater and personal property stored in the basement beyond repair.

30. A second discharge of water occurred on or about March 7, 2014 resulting in another 4 feet of back up and more damage.

31. Defendant Sullivan is the mother of Defendant Whitworth, and Ms. Whitworth moved her back to Durham from Maryland when she was diagnosed with Alzheimer's in late

2007. Most of Ms. Sullivan's belongings from her former Maryland condo were stored in the basement and completely destroyed.

32. The discharge of storm water also caused structural and mold damage to Plaintiffs' home.

33. Upon information and belief, the City determined that the damage to the culvert was caused by Cooke's negligence. Instead of repairing the damaged culvert on the Cooke Property, Cooke had poured truckloads of debris to fill the sink hole, which in turn rendered the City's storm water system non-functional.

34. After these events, the City re-routed its storm water system around the Cooke Property, instead allowing water from Plaintiffs' property to flow through a culvert along Glendale Avenue to connect with the culvert on Monmouth Avenue.

35. Upon information and belief liability insurance held by the Estate covers Cooke's alleged negligence that resulted in damage to Plaintiffs' Property.

36. Upon information and belief, the City has purchased liability insurance that covers the damage caused by the City's negligence and/or the City's breach of its statutory and regulatory duties as alleged in this Complaint.

37. The City's control of the storm water culvert on the Owner's Property was done in connection with the City's performance of a mistrial and/or proprietary functions.

38. Upon information and belief, the City has waived its sovereign immunity pursuant to N.C. Gen. Stat. § 160A-485.

39. At all times relevant to this Complaint, Plaintiffs maintained a Homeowner Policy with Nationwide (the "Policy")

40. Plaintiffs filed a timely claim for damage with Nationwide for the damage that was caused by discharge of water from a storm drain located off the residence premises.

41. Nationwide denied Plaintiffs' claim alleging that the loss was not covered by the terms of the Policy.

42. Plaintiffs contend that Nationwide wrongfully refused to pay Plaintiffs' claims in connection with this matter, because under the plain language of the Policy this damage was clearly a covered event.

### FIRST CLAIM FOR RELIEF
(Declaratory Judgment against Nationwide)

43. Plaintiffs incorporate all preceding paragraphs by reference.

44. Plaintiffs are parties interested under the Policy whose rights are affected by the Policy and this declaratory judgment action is filed to establish the parties' rights, status, duties and legal relations under the Policy.

45. There exists a real and justifiable dispute concerning the rights among the parties, and Plaintiffs are entitled to a declaratory judgment that settles the present issues and affords Plaintiffs relief from the present uncertainty and insecurity as to the rights, status and legal relations among the parties in light of the above-described facts and circumstances.

46. Plaintiffs are entitled to a judicial declaration that the damage caused in connection with the events described in this Complaint is covered by their Homeowners Policy with Nationwide.

6

Case 1:17-cv-01124-LCB-LPA   Document 5   Filed 12/19/17   Page 6 of 10

## SECOND CLAIM FOR RELIEF
(Negligence Against Cooke and the Estate)

47.  Plaintiffs incorporate all preceding paragraphs by reference.

48.  Cooke and the Estate were negligent in their attempts to repair the sinkhole on the Cooke Property in that:

   a. They caused the storm drain running across their property to clog causing catastrophic damage to Plaintiffs from the back up that was a direct result.

   b. They failed to adequately supervise the activities and inspect the work of their contractors;

   c. They failed to ascertain that the work was done in a workmanlike manner, and as a result there were multiple problems and defects;

   d. They were negligent in other ways that will be shown at trial of this matter.

49.  As a direct and proximate cause of the negligence of Defendants Cooke and the Estate Plaintiffs have been harmed in an amount to be proved at trial in excess of $25,000.

## THIRD CLAIM FOR RELIEF
(Negligence Against the City)

50.  Plaintiffs incorporate all preceding paragraphs by reference.

51.  The City adopted the storm water culvert under the Cooke Property as part of the City's storm water management system and thereby assumed a duty to the Plaintiffs to ensure that that system worked properly and did not cause the Plaintiffs harm.

7

52. The City exercised dominion, management and control of the storm water culvert under the Cooke Property and thereby assumed a duty to the Plaintiffs to ensure that that system worked properly and did not cause the Plaintiffs harm.

53. The City assumed the duty to ensure that work performed on a sink hole located on the City's storm water management system was done in the manner of a reasonably prudent person.

54. The City breached its duty to the Plaintiffs:

   a. By connecting the storm pipe running under the Cooke Property into the City storm water system, allowing a blockage on the Cooke Property to cause severe damage to the Plaintiffs' Property;

   b. By failing to adequately design, construct and maintain the culvert connecting Plaintiffs' Property to the Monmouth Avenue culvert;

   c. By failing to ensure that the City storm water drainage system could handle the amount of runoff that occurred on Plaintiffs' Property;

   d. By violating the North Carolina General Statutes by failing to maintain its storm water system;

   e. By failing to warn Plaintiffs of defects in the culvert running under the Cooke Property;

   f. Because they were negligent in other ways that will be shown at trial of this matter.

8

55. As a direct and proximate cause of the City's negligence Plaintiffs have been harmed in an amount to be proved at trial in excess of $25,000.

### FOURTH CLAIM FOR RELIEF
(Nuisance against Cooke)

56. Plaintiffs incorporate all preceding paragraphs by reference.

57. By blocking the storm drain across the Cooke property, Cooke caused large amounts of water to back up onto the Plaintiffs' Property.

58. Cooke's work greatly exacerbated the flow of water onto the Plaintiffs' Property.

59. Cooke's work constituted a substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property.

60. As a direct and proximate cause of Cooke's negligence Plaintiffs have been harmed in an amount to be proved at trial in excess of $25,000.

### RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully ask this Court to:

1. Enter a declaratory judgment with respect to Nationwide and the Plaintiffs regarding their respective rights and obligations;

2. Order that Plaintiffs recover from Cooke compensatory damages of at least $25,000;

3. Order that Plaintiffs recover from the Estate compensatory damages of at least $25,000;

4. Order that Plaintiffs recover from the City compensatory damages of at least $25,000;

5. Award Plaintiffs the costs of this action and their reasonable attorneys' fees as permitted by statute; and

6. Grant to Plaintiffs such other and further relief as the Court may deem just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: December 22, 2016.

                        PARRY TYNDALL WHITE

                        _____
                        James C. White, N.C. Bar # 31859
                        Michelle M. Walker, N.C. Bar # 41664
                        100 Europa Drive, Ste 401
                        Chapel Hill, NC 27517
                        jwhite@ptwfirm.com
                        (919) 246-4676
                        (919) 246-9113 fax

                        *Attorneys for Plaintiffs*